**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIETTA BRISCOE, | ) | |
| | ) | |
| on behalf of herself and the class defined | ) | |
| herein, | ) | 08 C 1279 |
| | ) | |
| Plaintiff, | ) | Judge Zagel |
| | ) | |
| vs. | ) | Magistrate Judge Mason |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY; DEUTSCHE BANK | ) | |
| NATIONAL TRUST COMPANY, AS | ) | |
| TRUSTEE FOR NEW CENTURY | ) | |
| NCHET 2005-C, N.A.; CHASE HOME | ) | |
| FINANCE, LLC; and DOES 1-5 | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

**AMENDED COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1.    Plaintiff brings this action, individually and on behalf of a class, to rescind

a "subprime" mortgage and recover damages for violation of the Truth in Lending Act, 15

U.S.C. §1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12

C.F.R. part 226.

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331

(general federal question), 1337 (interstate commerce), and 15 U.S.C. §1640 (TILA).

3.    Defendants transact business in the District and are deemed to reside here.

**PARTIES**

1

4.     Plaintiff Marietta Briscoe owns and resides in a home at 7235 S. Yates Boulevard, Chicago, Illinois 60649.  She has a high school-level education and has worked for years as a bank clerk.  She is an ordinary consumer.

5.     Defendant Deutsche Bank National Trust Company ("Deutsche Bank") is a foreign corporation with its headquarters at 60 Wall Street, New York, NY, 10005.  It does business in Illinois.  It is engaged in the business of purchasing and holding sub-prime mortgage loans on Illinois residential properties.

6.     On information and belief, Deutsche Bank owns plaintiff's loan, as trustee.  On information and belief, the full name of the trustee and the trust in which plaintiff's loan is securitized is Deutsche Bank National Trust Company, as Trustee for New Century NCHET 2005-C, N.A.

7.     If Deutsche Bank, as Trustee, is not the owner of plaintiff's loan, the current actual owner(s) is/are named as Does 1-5.

8.     New Century Mortgage Corporation ("New Century") was the originating creditor of plaintiff's loan.  However, New Century is not made a defendant because it is bankrupt.  It was a mortgage lender that, prior to its bankruptcy, made more than 26 loans per year.

9.     Chase Home Finance, LLC ("Chase"), is a limited liability corporation chartered under the laws of Delaware with its principal place of business at 194 Wood Avenue South, Iselin, NJ, 08830.  It does business in Illinois.  It is engaged in the business of servicing residential mortgage loans.  Its registered agent and office are CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL, 60604.  It is named as a necessary party only.

## FACTS COMMON TO ALL COUNTS

10.     Prior to October 21, 2005, plaintiff applied for refinancing to New Century through a mortgage broker, 1st Metropolitan Mortgage of New York, in Palos Hills, Illinois.

11.     Plaintiff needed and used the loan for personal, family or household purposes, namely, refinancing of prior debt incurred for such purposes.

12.     New Century agreed to make a loan in the principal amount of $157,500.

13.     The loan was closed on or about October 21, 2005.

14.     The following are documents relating to the loan:  a mortgage (Exhibit A), a note (Exhibit B), a HUD-1 Settlement Statement (Exhibit C), a Truth In Lending Disclosure Statement (Exhibit D) and a federal Notice of Right To Cancel form (Exhibit E).

15.     New Century gave plaintiff a loan with a re-setting, adjustable interest rate and exorbitant closing fees.

16.     Plaintiff received a starting interest rate of 8.35% for two years, good only until November, 2007.  Plaintiff's rate then entered its adjustable phase, where it may now climb by 1.5% in each six-month period, ultimately reaching 15.35% (Exhibit B).  The rate is currently 9.85% (Exhibit F).

17.     Exhibit C shows that plaintiff was charged in excess of $10,000 in points and fees on a loan of just $157,500 (line 1400).  This includes two processing fees, one to the broker in the amount of $495.00 (line 814) and one to New Century in the amount of $160.00 (line 813); "doc prep" and "underwriting" of $300.000 each (lines 809 and 810); a $4,264.65 direct "broker origination fee" (line 801) and an indirect broker payment of $1,575.00 in the form of a Yield Spread Premium (line 808), which had the effect of unnecessarily increasing

plaintiff's interest rate above the rate she actually qualified for; and a $45.00 "Email fee" (line 1113).

18.    Plaintiff was current on her mortgage until her interest rate re-set in November, 2007.

19.    When she phoned Chase to explain that she was having difficulty making payments and to ask for assistance, the customer service representative told her curtly to sell her home.

20.    Plaintiff was later directed to make payments to Chase, the current servicer of the loan (<u>Exhibit F</u>).  Chase claims certain rights in plaintiff's loan, including the right to receive payments, to report to credit bureaus and to pursue foreclosure as a means of enforcing payment.

21.    The loan was later sold to Deutsche Bank.  In the event Deutsche Bank does not currently own plaintiff's loan, the actual owner(s) is/are named as Does 1-5.

22.    On information and belief, Deutsche Bank acquired one or more large pools of loans originated by New Century.

## <u>COUNT I – TRUTH IN LENDING ACT – INDIVIDUAL CLAIM</u>

23.    Plaintiff incorporates paragraphs 1-22.  This count is against Deutsche Bank.  Chase is named as a necessary party only.

## <u>RIGHT TO RESCIND</u>

24.    Because the transaction was secured by plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. Sect. 1635 and 12 C.F.R. Sect. 226.23.  Sect. 226.23 provides:

**(a) <u>Consumer's right to rescind.</u>**

> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**

> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**

> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.  [15 U.S.C. §1635(f)]**

> **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**

**(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

> **(1) The retention or acquisition of a security interest in the consumer's principal dwelling.**

> **(2) The consumer's right to rescind the transaction.**

> **(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

> **(4) The effects of rescission, as described in paragraph (d) of this section.**

**(5) The date the rescission period expires. . . .**

**(f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:**

**(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].**

**(2) A credit plan in which a state agency is a creditor.**

<u>**GROUNDS FOR RESCISSION**</u>

25.    In connection with the loan, New Century failed to provide the required financial disclosures, in violation of 15 U.S.C. Sect. 1637, 12 C.F.R. Sect. 226.18 and the corresponding section of the Official Federal Reserve Board ("FRB") Commentary on Regulation Z.  In particular, the TILA Disclosure Statement (<u>Exhibit D</u>) failed to disclose the frequency of repayment.

26.    Specifically, 15 U.S.C. Sect. 1638(a)(6) requires the creditor to disclose "the number, amount, and due dates or period of payments scheduled to repay the total of payments."  Regulation Z, 226.18(g), also requires disclosure of "[t]he number, amounts and timing of payments scheduled to repay the obligation."

27.    Instructing creditors on how to implement these requirements, the Commentary, 12 C.F.R. Sect. 226, Supp. I, para. 18(g)(4)(i), states as follows:

**4.    *Timing of Payments***

***General rule***.  **Section 226.18(g) requires creditors to disclose the timing of payments.  To meet this requirement, creditors may list all of the payment due dates.  They also have the option of specifying the "period of payments" scheduled to repay the obligation.  As a general rule, creditors that choose this option must disclose the payment intervals or frequency, such as "monthly" or bi-weekly," and the calendar date that the beginning payment is due.  For example, a creditor may disclose that payments are due "monthly beginning on July 1, 1998."  This information, when combined**

**with the number of payments, is necessary to define the repayment period and to enable a consumer to determine all of the payment due dates."**

28.     The only exception to the "general rule" does not apply here.  Finally, all the FRB's model TILA Disclosure Statements, at 12 C.F.R. pt. 226, App. H (H-10 – H-13 and H-15), employ words to describe the intervals or frequency of payment.

29.     <u>Exhibit D</u> violates TILA because it neither lists all of the payment due dates, nor describes the frequency of payment in words.  From the information given, the consumer is left to surmise that payments are due monthly.  That is not "clear and conspicuous" disclosure.

30.     In addition, only one federal Notice of Right to Cancel was provided to plaintiff, instead of the two required by Sect. 226.23(b) (see above).

31.     Either violation alone entitles plaintiff to rescind the loan.

32.     This complaint serves as legally sufficient notice of rescission to defendants.

33.     The loan has not been rescinded since the time the complaint was filed and served.

34.     Under 15 U.S.C. Sect. 1641(c), the right to rescind may be exercised against "any assignee," including Deutsche Bank.

35.     In addition, 15 U.S.C. Sect. 1635(g) provides:

**Additional relief**

**In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

a.     A judgment voiding plaintiff's mortgage, capable of recordation in the public records, and binding on defendants;

b.     Statutory damages for the underlying violation;

c.     If appropriate, statutory damages for failure to rescind;

d.     Attorney's fees, litigation expenses and costs; and

e.     Such other or further relief as the Court deems appropriate.

## COUNT II – TRUTH IN LENDING ACT – CLASS CLAIM

36.     Plaintiff incorporates paragraphs 1-35.  This count is against Deutsche Bank.

37.     The TILA Disclosure Statement in Exhibit D is a standard form document that was regularly used by New Century, including in connection with those New Century loans that were purchased after origination by Deutsche Bank.

38.     All Truth in Lending Disclosure Statements in the form represented by Exhibit D violate TILA, Regulation Z, and the Official FRB Commentary in that they fail to disclose the frequency of repayment or fail to disclose it in the manner required by TILA and Regulation Z, as set forth above.

## CLASS ALLEGATIONS

39.     Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Illinois residences (b) who entered into a residential mortgage transaction with New Century, (c) received a Truth in Lending disclosure statement in the form represented by Exhibit D, (d) where the loan was subsequently or is now held by Deutsche Bank, and (e) which loan

8

was closed on or after a date three years prior to the filing of this action through the date of judgment.

40.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

41.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is simply whether Exhibit D violates TILA.

42.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theory.

43.     Plaintiff will fairly and adequately represent the interests of the class members.  Plaintiff has retained counsel experienced in the prosecution of mortgage cases and class actions.

44.     A class action is superior to other alternative methods of adjudicating this dispute.  Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     A declaration that class members have the right and the option to rescind, should they choose to exercise that right upon receiving notice;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

Respectfully submitted,


s/Al Hofeld, Jr.
Al Hofeld, Jr.


Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and The Social Justice Project,
208 S. LaSalle Street, Suite #1650
Chicago, Illinois  60604
Phone - (312) 345-1004
Fax - (312) 346-3242
al@alhofeldlaw.com


## **JURY DEMAND**

Plaintiff demands trial by jury.


s/Al Hofeld, Jr.
Al Hofeld, Jr.

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

s/Al Hofeld, Jr.
Al Hofeld, Jr.


Al Hofeld, Jr.
LAW OFFICES OF AL HOFELD, JR., LLC
and The Social Justice Project, Inc.
208 S. LaSalle Street, Suite #1650
Chicago, Illinois 60604
Phone - (312) 345-1004
Fax – (312) 346-3242
al@alhofeldlaw.com


## **NOTICE OF FILING AND CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

I, Al Hofeld, Jr., attorney for plaintiffs, hereby certify that on June 30, 2008, notice and service of the attached *Plaintiff's First Amended Complaint* was accomplished pursuant to ECF as to Filing Users, and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

 s/Al Hofeld, Jr.
Al Hofeld, Jr.

1