IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIETTA BRISCOE, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY NCHET 2005-C, N.A.,<br><br>        Defendants. | Case No. 08 C 1279<br><br>Judge James B. Zagel<br><br>Mag. Judge Michael T. Mason |

**MEMORANDUM OF LAW IN SUPPORT OF DEUTSCHE BANK NATIONAL TRUST COMPANY, IN ITS INDIVIDUAL CAPACITY, AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S, MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6) Deutsche Bank National Trust Company ("DBNTC, in its individual capacity") and Deutsche Bank National Trust Company, as trustee for New Century NCHET 2005-C, N.A. ("DBNTC, as trustee"), respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint (the "FAC").

**INTRODUCTION**

Plaintiff's FAC seeks to capitalize on alleged violations of form, not substance, in an effort to collect a damage windfall for herself and the class she purports to represent. Despite having the opportunity to amend the critical deficiencies in her complaint, each of plaintiff's claims continues either to be undercut by the plain language in the very documents attached to the FAC or barred by the statute of limitations. Plaintiff alleges that the Federal Truth-In-Lending Disclosure Statement ("TILDS") she received failed to comply with the Truth in

Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), because it did not describe in words the frequency of her loan repayments.  FAC ¶¶ 25-29.  Conspicuously absent, however, is any allegation that plaintiff did not understand when her loan payments were due or any attempt to deny that plaintiff understood from the face of the TILDS that her payments were due monthly.  In addition, although Plaintiff claims she received only one copy of the federal Notice of Right to Cancel (the "Notice"), FAC ¶ 30, the form itself explicitly states that she received two copies as required by TILA.  In short, the very documents plaintiff attaches to the FAC contradict her claims and, as a result, those claims should be dismissed.

Plaintiff's demand for statutory damages is barred by the statute of limitations.  TILA § 1640(e) provides that an individual has one year from the date of the alleged violation (here, execution of the loan documents) to seek statutory damages.  Plaintiff executed her loan documents on October 21, 2005.  Any claim for statutory damages based on a purported TILA violation, therefore, was barred as a matter of law on October 21, 2006.  Plaintiff filed her first complaint in this action on March 3, 2008, almost two and half years later after she executed her loan documents and well-after the statue of limitations had run.  Accordingly, plaintiff's demand for statutory damages should be dismissed.

Plaintiff's class allegations should be dismissed because rescission pursuant to TILA – the class relief Plaintiff seeks – is unavailable as a class remedy.  Moreover, as the foregoing establishes, individual issues predominate (including, but not limited to, the knowledge of each putative class member and whether and what documents s/he received).  Separately, plaintiff lacks standing to assert class allegations for the class as alleged in the FAC.  FAC ¶ 39.

For each of the foregoing reasons, the FAC should be dismissed with prejudice as to DBNTC, in its individual capacity, and DBNTC, as trustee.

**BACKGROUND**

Plaintiff filed her initial complaint on March 3, 2008 against DBNTC, as trustee, Chase Home Finance, LLC ("Chase"), and Does 1-5. *See* Docket Entry No. 1. Plaintiff filed her FAC on June 30, 2008, adding as a defendant DBNTC, in its individual capacity. *See* Docket No. 30. Although Plaintiff's FAC uses DBNTC, as trustee, and DBNTC, in its individual capacity, interchangeably, the FAC alleges no conduct by DBNTC, in its individual capacity.

Plaintiff executed a mortgage dated October 21, 2005 for a property located at 7235 S Yates, Chicago, Illinois 60649 in favor of New Century Mortgage Company ("New Century"), *see* FAC ¶¶ 12-13, Ex. A at 1, 3. Plaintiff's mortgage was subsequently transferred to DBNTC, as trustee. *See id.* at ¶ 21. Plaintiff claims that New Century, as loan originator, violated (a) TILA § 1637 and 12 C.F.R. § 226.18 by failing to disclose the frequency of loan repayments and (b) 12 C.F.R. § 226.18 by providing only one copy of the federal Notice of Right to Cancel. *See id.* at ¶ 25-30, 38. Based on these alleged violations, Plaintiff seeks to rescind her mortgage, receive statutory damages in an amount to be determined, and obtain a declaration that members of a purported class may also rescind their loans.

**ARGUMENT**

When reviewing a Rule 12(b)(6) motion for failure to state a claim, the Court must accept as true all well-pleaded factual allegations and inferences reasonably drawn from those facts. *See County of McHenry v. Insurance Co. of the West,* 438 F.3d 813, 817 (7th Cir. 2006); *see also R.J.R. Svcs., Inc. v. Aetna Casualty and Surety Co.*, 895 F.2d 279, 280 (7th Cir. 1989). The Court, however, need not accept conclusory legal allegations as true. *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994).

**I.      All Claims Against DBNTC, In Its Individual Capacity, Should Be Dismissed.**

In her FAC, plaintiff names DBNTC, in its individual capacity, as a defendant, but alleges no acts or omissions by DBNTC, in its individual capacity. To the contrary, plaintiff concedes that her loan is owned by DBNTC, as trustee, and each and every other allegation in the FAC applies solely to DBNTC, as trustee. *See* FAC ¶¶ 6, 21-22. This fact alone mandates dismissal of DBNTC, in its individual capacity.

Even if plaintiff had alleged specific acts or omissions by DBNTC, in its individual capacity – which she does not – applicable law prohibits the personal liability of DBNTC, in its individual capacity, for any acts performed in the course of trust administration. *See* 12 C.F.R. §§ 9 and 12, *et seq*. DBNTC, in its individual capacity, is a national banking association, incorporated under the laws of the United States, with its principal place of business in California. *See* 12 U.S.C. § 81; *see also*, Request for Judicial Notice ("RJN"), Ex. 2, Art. Second (designating Los Angeles, California as the main office of DBNTC, f/k/a Banker's Trust Company of California, N.A.); *Wachovia Bank, Nat'l Assoc. v. Schmidt*, 546 U.S. 303 (2006) (national bank is located in state designated in its articles of association as its main office). It is DBNTC, as trustee, that holds plaintiff's loan, not DBNTC, in its individual capacity. *See* FAC § 6. With that, and given that Plaintiff alleges no acts or omissions by DBNTC, in its individual capacity, DBNTC, in its individual capacity, respectfully submits that it should be dismissed from this action with prejudice.

**II.     Plaintiff Fails To State A Claim Under TILA**

      **A.      The Disclosures Provided to Plaintiff Complied With TILA.**

Plaintiff alleges her TILDS failed to comply with TILA because it did not describe in words the frequency of her loan payments. Further, plaintiff alleges she received only one Notice. Because the documents themselves refute each of these allegations, Count I of the FAC

should be dismissed with prejudice.

The TILDS plaintiff executed provides clearly that she is required to make monthly payments on her loan. Specifically, the TILDS provides that 24 payments will be made beginning December 1, 2005 in the amount of $1,194.34. *See* FAC, Ex. D. The next line describes a change in payment that will occur on December 1, 2007 – *exactly 24 months later*. The only conclusion is that payments were to be made monthly during that period. Indeed, Plaintiff does not allege any confusion regarding the frequency of these payments and it is clear she understood her obligation. Providing further confirmation that plaintiff's payments were to be made monthly, the second line of the TILDS payment schedule describes a new payment amount that applies for 335 payments to be made from December 1, 2007 until November 1, 2035 – *a period of 335 months*. *See id.* The final line of the payment schedule describes a change in payment that occurs on November 1, 2035 – *exactly 335 months after the previous change*. *See id.* The TILDS makes clear Plaintiff's payment obligation and fully satisfies TILA's disclosure requirements. For Plaintiff to claim the disclosure fails to satisfy its purpose is implausible on its face and cannot be credited, even on a motion to dismiss.

Similarly, plaintiff's allegation that she received only one Notice is refuted by the plain language in the document itself. The Notice expressly states that "[t]he undersigned…acknowledges receipt of *two copies* of NOTICE of RIGHT TO CANCEL." FAC, Ex. E (emphasis added). It strains credulity for Plaintiff to suddenly claim she received only one copy of the TILDS when Plaintiff's own document expressly states otherwise. Accordingly, Count I of the FAC should be dismissed with prejudice.

      **B.**    **Plaintiff's Claim for Statutory Damages Is Barred By the Applicable Statute of Limitations.**

Even if plaintiff's claims were not defective based on the plain language of the documents attached to the FAC, plaintiff's prayer for statutory damages is barred by the

5

applicable one-year statute of limitations.  TILA § 1640(e) provides that "[a]ny action under this section may be brought…*within one year* from the date of the occurrence of the violation."  15 U.S.C. § 1640(e) (emphasis added).  It is well-settled that the one-year statute of limitations for recovery of statutory damages pursuant to TILA section 1635(g) applies irrespective of the statute of limitations governing the underlying rescission claim.  *See, e.g., Rudisell v. Fifth Third Bank*, 622 F.2d 243, 248 (6th Cir. 1980); *Brown v. Nationscredit Fin. Services. Corp.*, 349 F.Supp.2d 1134, 1136-37 (N.D. Ill. 2005); *Jenkins v. Mercantile Mortgage Co.*, 231 F.Supp.2d 737, 745 (N.D. Ill. 2002); *Dowdy v. First Metro. Mortgage Co.*, No. 01 C 7211, 2002 WL 745851, at *1-2 (N.D. Ill. 2002); and *Elliott v. ITT Corp.*, 764 F.Supp. 102, 106 (N.D. Ill. 1991).

Plaintiff's FAC reflects that her loan was closed on October 21, 2005.  FAC ¶ 13.  Because a TILA credit transaction is consummated when the individual becomes contractually obligated, 12 C.F.R. § 226.2(a)(13), Plaintiff had one year from the date of her loan closing to bring her claims for damages – by no later than October 21, 2006.  Plaintiff filed her original complaint in this action on March 3, 2008, almost eighteen month after the statute of limitations had run.  Consequently, plaintiff's claim for statutory damages is barred by the statute of limitations and should be dismissed with prejudice.  *See, e.g., Brown*, 349 F. Supp. 2d at 1136-37.

### III.     Plaintiff's Class Allegations Should Be Dismissed Because Class Relief is Unavailable for TILA Rescission Claims

Several district courts within the Seventh Circuit, as well as the First and Fifth Circuit Court of Appeals, have each rejected, as a matter of law, attempts to secure class treatment of TILA rescission claims.  *See McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 423 (1st Cir. 2007) (holding that "as a matter of law, class certification is not available for rescission claims, direct or declaratory, under the TILA"); *James v. Home Constr. Co. of Mobile*, 621 F.2d 727, 730-31 (5th Cir. 1980) (same); *Murry v. America's Mortg. Banc., Inc.*, Nos. 03 C 5811, 03

C 6816, 2005 WL 1323364, at *10-11 (N.D. Ill. May 5, 2005), report and recommendation adopted with modification, 2006 WL 1647531 (N.D. Ill. June 5, 2006) (same); *Jefferson v. Security Pac. Fin. Services, Inc.*, 161 F.R.D. 63, 69 (N.D. Ill. 1995); *Elliott v. ITT Corp.*, 150 F.R.D. 569, 585 (N.D. Ill. 1992), report and recommendation adopted, 150 B.R. 36 (N.D. Ill. 1992). DBNTC, in its individual capacity, and DBNTC, as trustee, respectfully request that this Court dismiss Plaintiff's class allegations.[1]

Rescission is unavailable as a class remedy for three reasons.[2] First, TILA rescission is an inherently personal remedy requiring a borrower to determine whether he or she can refund the loan to effectuate rescission and, as an equitable remedy, requiring the court to consider the specific facts of each case before granting rescission. *McKenna*, 475 F.3d at 423; *James*, 621 F.2d at 730-31 (holding that rescission under TILA is "a 'purely personal remedy' and that an obligor could not start a class action, merely by filing an individual claim"); *Murry*, 2005 WL 1323364, at * 11 (noting that the equitable analysis for rescission would require consideration of, among other things, whether the rescission remedy would be disproportionate to the violation and whether the loan had been subsequently assigned).

Second, several courts have held that because Congress amended TILA to authorize class relief for damage claims but did not provide similar amendments for rescission claims, rules of

---

[1] Recognizing that argument related to class certification and associated issues typically would be raised and addressed later in these proceedings, DBNTC, in its individual capacity, and DBNTC, as trustee, respectfully set forth certain of their arguments here for purposes of judicial economy. DBNTC, in its individual capacity, and DBNTC, as trustee, expressly reserve the right to raise additional arguments, if necessary, concerning their opposition to plaintiff's class allegations and to class certification.

[2] Even if class rescission were available, plaintiff's class allegations should be dismissed. Plaintiff purports to bring her class allegations on behalf of all persons with Illinois residences who received a TILDS identical to plaintiff's in connection with the execution of a mortgage in favor of New Century during the applicable time period, and which mortgage is now owned by DBNTC, as trustee. FAC ¶ 39. Plaintiff, however, does not have standing to bring an action on behalf of this class as defined in the FAC.

statutory construction dictate that the statute does not permit rescission classes. *McKenna*, 475 F.3d at 423 (because Congress provided for class relief for TILA statutory damage claims when it amended TILA § 1640(a)(2)(B) and did not amend TILA § 1635 to allow rescission class actions, Congress did not intend to permit rescission class actions); *see Jefferson*, 161 F.R.D. at 68 (explaining legislative history).

<u>Third</u>, rescission relief on a class-wide basis could eviscerate the $500,000 statutory damages cap set by Congress to prevent lenders from being subjected to crushing liability for minor technical TILA violations. *See* 15 U.S.C. § 1640(a)(2)(B); *McKenna*, 475 F.3d at 424 ("[U]nrestricted class action availability would open the door for vast recoveries…[Such recoveries would be] considerably in excess of the cap (the lesser of $500,000 or one percent of net worth) that Congress painstakingly established for damages class actions. *See* 15 U.S.C. 1640(a)(2)(B). The notion that Congress would limit liability to $500,000 with respect to one remedy while allowing the sky to be the limit with respect to another remedy [rescission claims] for the same violation strains credulity.").

For all the foregoing reasons, DBNTC respectfully submits that Count II of the FAC should be dismissed with prejudice.

In the alternative, DBNTC, in its individual capacity, and DBNTC, as trustee, respectfully request that plaintiff's class allegations, including all discovery and briefing related thereto, be stayed pending final disposition of *Andrews v. Chevy Chase Bank*, FSB, 07-1326, currently pending before the Seventh Circuit Court of Appeals. *See Andrews v. Chevy Chase Bank*, FSB, 07-1326 (7th Cir.), RJN ¶ 1. The Seventh Circuit's decision in *Andrews* likely will be dispositive concerning the validity of plaintiff's request for class relief in this case. If this Court allows discovery and briefing related to plaintiff's class allegations and the Seventh Circuit rules in *Andrews* class relief is not available, the parties and this Court will have suffered an

unnecessary expense and burden. *See Spano v. Boeing Co., Employee Benefits Plans Comm.*, No. 06-cv-743, 2007 WL 2688456, at *2 (S.D. Ill. Sept. 10, 2007) (staying class certification questions where Seventh Circuit appeal on point was pending); *Kircher v. Putnam Funds Trust*, Nos. 06-cv-939, 06-cv-1001, 2007 WL 1532116, at *2 (S.D. Ill. May 24, 2007) (same).

## CONCLUSION

WHEREFORE, DBNTC, in its individual capacity, and DBNTC, as trustee, respectfully request that this Court enter an Order dismissing the FAC with prejudice, and for any other relief that the Court deems just and proper.

Dated: August 7, 2008

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY and DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee**

By: /s/ Kevin B. Dreher
    One of Their Attorneys

Kevin B. Dreher
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive, 5th Floor
Chicago, IL 60601
Telephone: 312-324-1000
Facsimile: 312-324-1001

Counsel for Deutsche Bank National Trust Company and Deutsche Bank National Trust Company, as trustee

**CERTIFICATE OF SERVICE**

I, Kevin B. Dreher, hereby certify that on August 7, 2008, I electronically filed the attached Memorandum of Law in Support of Deutsche Bank National Trust Company, in its Individual Capacity, and Deutsche Bank National Trust Company, as trustee's Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) with the Clerk of the Court using the Court's Electronic Case Filing System, which will send notification of such filing to the following:

Al Hofeld, Jr.
Law Offices of Al Hofeld, Jr., LLC
208 S. LaSalle Street, Suite #1650
Chicago, IL 60604
(312) 345-1006
Fax: 312-346-3242
al@alhofeldlaw.com
*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　/s/ Kevin B. Dreher
　　　　　　　　　　　　　　　　　　　　Kevin B. Dreher

DB2/20801156.2