# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIETTA BRISCOE, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY NCHET 2005-C, N.A.<br><br>    Defendants. | No. 08 C 1279<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

I. BACKGROUND

Deutsche Bank National Trust Company ("DBNTC"), and Deutsche Bank National Trust Company, as trustee for New Century NCHET 2005-C, N.A. ("DBNTC, as trustee"), seek dismissal of a lawsuit by a mortgagor, Marietta Briscoe ("Briscoe"), alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601-1667. Although DBNTC was not the original mortgagee, ownership rights to Briscoe's mortgage were assigned to DBNTC, as trustee. New Century, the original mortgagee, has since filed for bankruptcy.

There are two counts. The first is an individual recision claim based on a failure to disclose the frequency of payments and a failure to provide two copies of the federal Notice of Right to Cancel. On this count, Plaintiff also seeks statutory damages for the underlying disclosure violations. The second count is a class claim also based on the failure to disclose the

frequency of repayment. For the following reasons, DBNTC's motion to dismiss is granted in part and denied in part.

II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). DBNTC's motion to dismiss should be granted only if Briscoe cannot prove any set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Furthermore, I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). Stated another way, I should not grant DBNTC's motion "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). That said, Briscoe's "obligation to provide the grounds of [her] entitlement for relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).

III. STATEMENT OF RELEVANT FACTS

I take the statement of facts from Briscoe's first amended complaint. Prior to October 21, 2005, plaintiff Briscoe applied to New Century Mortgage Corporation ("New Century") for

refinancing. New Century granted Briscoe an adjustable rate mortgage in the principal amount of $157,000. The mortgage was closed on or about October 21, 2005. Briscoe made monthly payments until her interest rate increased in November 2007. At that time, Briscoe phoned Chase Home Finance, LLC, servicer of the mortgage, to explain that she was having difficulty making payments. In response to her plea for assistance, the customer service representative with whom she spoke told her to sell her home. The loan was later sold to DBNTC.

IV. DISCUSSION

A. Count I

Count one of the complaint alleges that when mortgagee New Century made an adjustable rate loan to Briscoe, New Century failed to provide Briscoe with the required financial disclosures under TILA, namely "the number, amount, and due dates or periods of payments scheduled to repay the obligation." 15 U.S.C. § 1638(a)(6). Additionally, Briscoe alleges that she received only one Notice of Right to Cancel in violation of the requirement that two copies be provided to the mortgagor under 12 C.F.R. § 226.23(b)(1). Based on these allegations, Briscoe seeks rescission of her mortgage, statutory damages for failure to rescind, and statutory damages for the underlying violations.

In its motion to dismiss, DBNTC makes two main assertions. First, DBNTC maintains that because the disclosures provided to Briscoe by New City comply with TILA, Briscoe fails to state a claim for rescission of her mortgage. Second, DBNTC asserts that Briscoe's damages claim for the underlying TILA violations are barred by TILA's one-year statute of limitations, pursuant to 15 U.S.C. § 1640(e). Briscoe contends, however, that if she is entitled to a three-year

right to rescind for violations under section 1635, the three-year period should also apply to her right to statutory damages.

1. Individual Right of Rescission

Section 1638(a)(6) of TILA requires that the creditor in a closed-end consumer credit transaction disclose to the borrower "[t]he number, amount, and due dates or period of payment scheduled to repay the total of payments." TILA's implementing legislation requires creditors to disclose a payment schedule describing "[t]he number, amounts, and timing of payments scheduled to repay the obligation." 12 C.F.R. § 226.18(g). The commentary to this section further articulates the required content of disclosure, explaining that creditors may list all payment due dates or may choose to specify the "period of payments" by disclosing payment intervals (e.g. "monthly") and the date that the first payment is due. 12 C.F.R. Part 226, Supp. I, para. 18(g)(4)(I). If a creditor fails to meet these disclosure requirements, the borrower's standard three-day right to rescind may be extended to three years after the date of the transaction's consummation, upon transfer of all of the consumer's interest in the property, or upon the sale of the property, whichever appears first. 15 USC 1634(f)(3). This right to rescind may be exercised against the assignee of an obligation, in this case, DBNTC. 15 U.S.C. § 1641(c).

Briscoe asserts in her complaint that the TILA statement that New Century provided to her violates TILA requirements, as it failed to disclose either payment due dates or payment intervals. DBNTC asserts that by stating the number of payments, the beginning date of those payments, and the amount of each payment, the statement met TILA's requirements, since the "only conclusion is that payments were to be made monthly during that period." DBNTC further

notes that Briscoe understood her obligation as evidenced by the monthly payments she made on the loan through the fall of 2007. However, "whether a particular disclosure is clear for purposes of TILA is a question of law that depends on the contents of the form, not on how it affects any particular reader." *Handy v. Anchor Mortgage Co.*, 464 F.3d 760, 764 (7th Cir. 2006) (citing *Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 515 (7th Cir. 1999)). "It is immaterial if the borrower in a particular transaction made the right assumptions about the terms and documents presented to her, if the form otherwise does not comply with the statute and regulations." *Hamm v. Ameriquest Mortgage Co.*, 506 F.3d 525, 529 (7th Cir. 2007). TILA statements that fail to disclose either due dates or payment intervals violate TILA disclosure requirements if they require the borrower to make assumptions regarding the payment period.[1]

Additionally, Briscoe contends that she received only one copy of the Notice of Right to Cancel, in violation of 15 U.S.C. § 1635 and regulation 12 C.F.R. § 226.23(b)(1). A failure to provide two copies of the Notice of the Right to Cancel is grounds for rescission. 12 C.F.R. § 226.23(a)(3). DBNTC maintains that Briscoe's allegations are refuted by the plain language of the document, which states that "the undersigned... acknowledge[s] receipt of two copies of NOTICE OF RIGHT TO CANCEL." DBNTC does not present a signed copy of the form acknowledging delivery, which, if it were presented, would merely create a rebuttable

---

[1] Plaintiff maintains that she is entitled to summary judgment on her claim that Defendant's TILA statement violates TILA. However, such an award at this point would be premature. Briscoe failed to follow local procedural requirements associated with bringing a motion for summary judgment. Although I may grant such an award, notwithstanding this failure, I will not do so at this time. Local Rule 56.1 requires that a detailed statement of facts and supporting documentation be submitted with each motion for summary judgment. Where facts are in dispute, as they are in this case, such a detailed statement is required before an award of summary judgment may be granted.

presumption of delivery of two Notices of Right to Cancel. 15 U.S.C. § 1635(c). Taking as true Briscoe's allegations regarding the disclosures and the number of copies she was provided, DBNTC's motion to dismiss Plaintiff's claim for rescission under TILA is denied.

### B. Statutory Damages for Failure to Rescind

Section 1635 requires that a creditor honor borrower's notice of rescission within 20 days after receipt of that notice. Any creditor who fails to comply with the requirements of section 1635 is liable for statutory damages. 15 U.S.C. § 1640(a). Under section 1641(a), violations "which may be brought against a creditor may be maintained against any assignee of such creditor…" This section, however, limits assignees' liability to instances where the underlying violation at issue "is apparent on the face of the disclosure statement." Section 1641(a) further notes that "a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter." 15 U.S.C. § 1641(a). "Under 15 U.S.C. § 1641(a), an assignee is subject to the same liability as the original creditor when the underlying TILA violation is apparent on its face. Thus, an assignee should be subject to the same liability as a creditor when it fails to honor a rescission demand properly made by the obligor in a situation such as this, where the assignee has fair notice of the underlying TILA violation." *Lippner v. Deutsche Bank Nat. Trust Corp.*, 544 F. Supp. 2d 695, 704-705 (N.D. Ill. 2008). Plaintiff alleges that the TILA statement provided to her fails to include a payment schedule and that this deficiency could be determined by examining the face of the document. Taking as true Briscoe's

allegations as to this violation, DBNTC's motion to dismiss Plaintiff's claim for statutory damages based on a failure to rescind is denied.

Briscoe also alleges that New Century violated 12 C.F.R. § 226.23(b)(1) by failing to provide her with two copies of the Notice of Right to Cancel. DBNTC maintains that such a violation is not apparent on its face.[2] However, on the face of the Notice of Right to Cancel submitted by Briscoe as part of the her First Amended Complaint, it is unclear whether two copies were received, as the acknowledgment is unsigned. The lack of signature, and in turn, acknowledgment, is apparent simply through the examination of the Notice itself. Taking as true Briscoe's allegations as to this violation, DBNTC's motion to dismiss Plaintiff's claim for statutory damages based on a failure to rescind is denied.

### C. Statutory Damages for TILA Violations

Briscoe alleges that New Century violated 15 U.S.C. § 1635 by providing her only with one federal Notice of Right to Cancel, instead of two as required by 12 C.F.R. § 226.23, and seeks damages from DBNTC as assignee. Section 1635(a) requires that creditors "clearly and conspicuously" disclose to borrower's their three-day right to rescind the transaction. If the creditor fails to make the disclosure according to the implementing regulations, the borrower's right to rescind the transaction extends to three years. 15 U.S.C. § 1635(f). In addition to seeking rescission, the borrower may also sue for damages not related to the right to rescind, pursuant to

---

[2] In its Motion to Dismiss, DBNTC asserts that Plaintiff was not in a position to accept and effectuate rescission within 20 days of her original complaint due to her fiduciary duty to the absent class she represents. This argument lacks merit. First, class certification in this case is denied. See *infra*, Count II. Second, DBNTC is bound by TILA, which requires that it honor Plaintiff's notice of rescission, notwithstanding any perceived conflict that Briscoe might face by resolving her individual claim.

section 1640. Section 1640(e) specifies a one-year statute of limitations from the date of the occurrence for any action under section 1640. Briscoe's first amended complaint specifies that her loan was closed on October 21, 2005, and her original complaint in this action was filed March 3, 2008. Briscoe argues that although her claim for statutory damages was filed approximately 17 months after the statute of limitations had run, where the basis for her rescission claim is the lack of material disclosures, the three-year period applies to her right to rescind as well as to preserve her right to statutory damages.

Section 1640 addresses civil liability for creditors that violate any requirement imposed by part B, including section 1635. However, "both the language of § 1635(g) and its legislative history support the notion that this subsection was not intended to alter the statute of limitations applicable to TILA damage claims. The majority of courts addressing this issue have reached the same conclusion." *Brown v. Nationscredit Financial Services Co.*, 349 F. Supp. 2d 1134, 1137-38 (N.D. Ill 2005) (citing *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir.1980); *Bell v. Ameriquest Mortgage Co.*, No. 04 C 5987, 2004 WL 2973819 (N.D.Ill. Nov. 30, 2004); *Pulphus v. Sullivan*, No. 02 C 5794, 2003 WL 1964333 (N.D.Ill. April 28, 2003); *Jenkins v. Mercantile Mortgage Co.*, 231 F.Supp.2d 737, 745 (N.D.Ill.2002); *Dowdy v. First Metro. Mortgage Co.*, No. 01 C 7211, 2002 WL 745851, at *1-2 (N.D.Ill.2002); *Elliott v. ITT Co.*, 764 F.Supp. 102 (N.D.Ill.1991). But see *McIntosh v. Irwin Union Bank & Trust Co.*, 215 F.R.D. 26, 30 (D.Mass.2003); *Reynolds v. D & N Bank*, 792 F.Supp. 1035, 1036-39 (finding, without discussion of the statute of limitations, that plaintiff is entitled to rescission and statutory damages despite claim being brought fourteen months after entering the contract). Accordingly, DBNTC's motion to dismiss Briscoe's claim for statutory damages under TILA is granted, as her claim is precluded

by the one-year statute of limitations. Similarly, statutory damages for alleged violations of section 1638 are also time-barred.

## B. Count II

In Count II, Briscoe brings a class claim against DBNTC for "purchasing and holding loans in connection with which New Century's standard, form TILA disclosure statements failed to properly disclose the frequency of repayment." Briscoe seeks, on behalf of the class, declaratory judgment that class members may rescind their loans. However, the Seventh Circuit has recently clarified that a class action may not be certified for claims seeking the remedy of rescission under TILA. *Andrews v. Chevy Chase Bank*, - - - F.3d - - - -, 2008 WL 4330761 (7th Cir. 2008). Briscoe argues that the class allegations be stayed on the grounds that the *Andrews* decision is not final, as the borrower in that case may petition for a rehearing *en banc* and may appeal the decision to the Supreme Court if the Seventh Circuit's ruling is affirmed by the full court. As DBNTC correctly notes, *stare decisis* binds lower courts by the decision of higher courts. Until such time, if any, that *Andrews* is appealed and an opposite conclusion reached, I am bound by the Seventh Circuit's decision. DBNTC's motion to dismiss Briscoe's claim for class relief is granted.

## C. DBNTC in its individual capacity

DBNTC asserts that all claims against DBNTC in its individual capacity be dismissed, as Briscoe alleges no acts or omissions by DBNTC in its individual capacity. Even if she had, DBNTC in its individual capacity is a banking association. It does not hold Briscoe's mortgage in this capacity, but rather in its capacity as trustee; therefore, I grant DBNTC's motion to dismiss Briscoe's claim against DBNTC in its individual capacity.

V.  CONCLUSION

For the foregoing reasons, I am granting Defendant's motion to dismiss Plaintiff's claim for statutory damages for the underlying TILA violations, Plaintiff's claim for class relief, and Plaintiff's claim against DBNTC in its individual capacity.  I am denying Defendant's motion with regard to Plaintiff's individual right of rescission and statutory damages for failure to rescind.

ENTER:

_____
James B. Zagel
United States District Judge

DATE:  November 7, 2008